UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CHRISTOPHER RICHARDSON,    )
    )
      Petitioner,    )
    )
    v.    )    Case No. 2:14-CV-399 JD
    )
SUPERINTENDENT,    )
    )
      Respondent.    )

OPINION AND ORDER

Christopher Richardson, a *pro se* prisoner, has filed a petition for habeas corpus (DE 1)

pursuant to 28 U.S.C. § 2254 challenging his conviction and 20-year sentence for aggravated

battery committed in Lake County, Indiana, in *State v. Richardson*, No. 45G02-1009-FC-0097.

I.    BACKGROUND

In deciding this habeas petition, the court must presume the facts set forth by the state

courts are correct. 28 U.S.C. § 2254(e)(1). It is Richardson's burden to rebut this presumption

with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth

the facts surrounding Richardson's offenses as follows:

> On the afternoon of August 20, 2010, Simmuel Mobley was sitting in the yard of
> his Gary home, socializing with his neighbors, including Richardson, his friend of
> nearly one year. At some point during the afternoon, Richardson began arguing
> with his underage girlfriend in Mobley's yard. Mobley told Richardson to "take
> that s* * * down the street" and ordered Richardson off his property. Tr. p. 285.
> That evening, Mobley was talking to people outside Richardson's apartment
> building when someone told Mobley that Richardson was looking for him. When
> Mobley approached Richardson, who was standing near his vehicle, Richardson
> turned and shot him in the leg, shattering his femur. Richardson told Mobley,
> "You ain't going to talk to me like you talked [sic] to other people." *Id.* at 289.
> Two women were walking nearby at the time. One of the women, Quanilla

Strong, saw a man shooting another man and overheard a third man say, "Chris, you didn't have to shoot him, man, why did you shoot him?" *Id.* at 58.

Detectives Art Azcona and Cheryl Stanley of the Gary Police Department investigated the shooting. During the course of the investigation, Detective Azcona spoke to a man named Lazarus Holden, who said that a man named Chris shot Mobley. Richardson was arrested on September 15, 2010. Meanwhile, Mobley was recovering from a series of surgeries to repair the damage to his leg. When Detective Azcona spoke with Mobley at the hospital after Richardson's arrest, Mobley identified Richardson as the man who shot him.

The State charged Richardson with the following counts: (I) Class B felony aggravated battery; (II) Class C felony battery by means of a deadly weapon; and (III) Class C felony battery resulting in serious bodily injury.

\* \* \*

The jury found Richardson guilty on all counts. The trial court entered judgment on Counts I and II only and sentenced Richardson to twenty years on Count I and eight years on Count II, to be served concurrently.

*Richardson v. State*, Cause Number 45A04-1109-CR-501 (Ind. Ct. App. May 21, 2012); (DE 11-7.)

After his conviction, Richardson appealed, arguing: (1) "that his constitutional right of confrontation was violated when the trial court allowed testimony about statements made by non-testifying witnesses who identified Richardson as the shooter;" (2) "that the trial court erred by permitting the State to disclose his exchange with Mobley just hours before the shooting;" and (3) "that two of his convictions violate Indiana's Double Jeopardy Clause." (DE 11-5; DE 11-7 at 5.) The Indiana Court of Appeals vacated Count II on double jeopardy grounds, but affirmed the remainder of Richardson's conviction and sentence. (DE 11-7.) Richardson sought review in the Indiana Supreme Court raising only his confrontation challenge, (DE 11-8), but his request for transfer was denied. (DE 11-3 at 2.)

On March 22, 2013, Richardson filed a petition for post-conviction relief in State court. (DE 11-2.) After a hearing, the post-conviction court issued its written findings and denied Richardson's request for post-conviction relief. (DE 11-2 at 7.) Richardson attempted to appeal that ruling but the Indiana Court of Appeals deemed his brief to be untimely and dismissed the appeal with prejudice. (DE 11-4.) Richardson did not seek transfer to the Indiana Supreme Court. (*Id.*)

On November 3, 2014, Richardson filed this federal habeas petition challenging his conviction for aggravated battery, arguing: (1) that his Sixth Amendment right to confrontation was violated; (2) there was insufficient evidence to find him guilty; and, similarly, (3) his conviction was based on unreliable identification testimony.

II.     ANALYSIS

Richardson's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A.      Procedurally defaulted claims

As a threshold matter, the Respondent argues that Richardson's second and third claims are procedurally defaulted. Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly

present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

The record indicates that Richardson did not raise either the sufficiency of the evidence claim or unreliable identification claim that he raises here on direct appeal. He did initially raise both of them in the post-conviction proceedings, but he did not perfect an appeal after his post-conviction petition was denied. (DE 11-4.) The Indiana Court of Appeals dismissed his appeal with prejudice because he did not file an appellate brief in accordance with INDIANA APPELLATE RULE 45(D). (*Id.*) His failure to comply with this state procedural rule provides an adequate and independent state ground that blocks federal review. *Coleman*, 501 U.S. at 735; *Szabo v. Walls*, 313 F.3d 392 (7th Cir. 2002). Additionally, Richardson committed a second level of default when he did not seek review in the Indiana Supreme Court after his appeal was dismissed. *Boerckel*, 526 U.S. at 848; *see also* IND. APP. R. 57(b)(4) (transfer may be sought from an order dismissing an appeal). Therefore, Richardson did not properly present his claims in one complete round of state review, and they cannot be reached on the merits unless he provides grounds for excusing his two levels of default.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Here, on the cause side, Richardson complains that the trial court caused his appellate brief to be untimely

because the court did not certify the record or rule on his request to appeal *in forma pauperis*. However, these arguments only relate to why he believes his appellate brief should have been deemed timely filed by the Indiana Court of Appeals. Nowhere does Richardson explain his failure to seek review of his post-conviction petition by the Indiana Supreme Court. If he believed the court of appeals should not have dismissed his appeal as untimely, he was required to address that with the Indiana Supreme Court, which he did not do. See Ind. R. App. P. 57(B)(4). Consequently, Richardson has not shown cause for failing to present his claims in one complete round of review.

A habeas petitioner can also overcome a procedural default by establishing that the Court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). To meet this exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's[.]" *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To support a claim of actual innocence the petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," *Id.*, and must show that "in light of new evidence, it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt." *House*, 547 U.S. at 537. This is a difficult standard to meet, and such claims are "rarely successful." *Schlup*, 513 U.S. at 324.

The only "new" evidence Richardson points to is a compact disc containing Quanilla

Strong's original statement made to Detective Azcona.[1] (DE 15 at 23.) Richardson claims that

Quanilla Strong does not mention the name "Chris" during her original statement. This,

Richardson argues, will show that Ms. Strong gave false testimony at trial. Nevertheless,

Richardson concedes that this disc alone will not demonstrate his innocence. (*Id*.) Indeed, while

this type of circumstantial evidence might be "somewhat probative," it is not "direct evidence"

of Richardson's innocence like eyewitness testimony or reliable physical evidence. *See Whitlock*,

51 F.3d at 64; *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010) ("troubling" new evidence

impugning the credibility of state's witness did not establish actual innocence, since at best it

established a "mere possibility" that a jury presented with the evidence would have exonerated

the petitioner, "not a probability, as is required."). Thus, this disc, even if considered, would not

demonstrate Richardson was innocent of the crime.

Further, based upon the court's review of the record, there was sufficient evidence of

Richardson's guilt at trial. Though Richardson complains that there was insufficient evidence

and unreliable identification testimony, it is important to note that Richardson was no stranger to

Simmuel Mobley. Mobley testified that he knew Richardson for about a year before the

shooting. (Tr. Transcript at 278.) They lived in the same neighborhood and had a good

relationship. (*Id*.) At trial, Mobley identified Richardson as the person who shot him. (*Id*. at

293.) There can be little chance that Mobley misidentified Richardson as the shooter; not only

were they familiar with each other, but Richardson shot Mobley at point blank range. (*Id*. at

294.) Based on Mobley's eyewitness testimony alone, Richardson has not, and seemingly

---

[1]Notably, Richardson does not provide the court with this disc. Instead, he has filed a motion to subpoena it from the State. (See DE 18.)

cannot, demonstrate that he is actually innocent of the crime. For these reasons, the Court finds

Richardson's claim of actual innocence unavailing.

Because Richardson can not show cause for his failure to present these claims in one

complete round of state review or that any fundamental miscarriage of justice would occur if the

claims are not addressed, these claims are procedurally defaulted and cannot be reviewed on

their merits.

C.      Confrontation Clause

Richardson has preserved his claim that the trial testimony of Detective Azcona violated

his Sixth Amendment Confrontation Clause rights. Here, Richardson contends that his right of

confrontation was violated when the trial court allowed Detective Azcona to testify about

statements made by a non-testifying witness, Lazarus Holden, who identified Richardson as the

shooter. On direct appeal, the Indiana Court of Appeals found no Confrontation Clause violation

occurred. (DE 11-7 at 7.)

A federal habeas court must "attend closely" to the decisions of state courts and "give

them full effect when their findings and judgments are consistent with federal law." *Williams v.*

*Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court or reaches an

opposite result in a case involving facts materially indistinguishable from relevant Supreme

Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief

under the "unreasonable application" clause if the state court identifies the correct legal principle

from Supreme Court precedent but unreasonably applies that principle to the facts of the

petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Id.* "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter,* 562 U.S. 86 (2011).

The Confrontation Clause of the Sixth Amendment provides, "[i]n all criminal prosecutions, the accused shall enjoy the right. . . to be confronted with the witnesses against him." The Confrontation Clause applies to bar the admission of an out of court statement if it is testimonial, the declarant is unavailable, and the defendant had no prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 531 U.S. 36, 59 (2004). The Indiana Court of Appeals recognized these principles in stating, "the Confrontation Clause of the Sixth Amendment of the Federal Constitution prohibits admission in a criminal trial of testimonial statements by a person who is absent from trial, unless the person is unavailable and the defendant had an opportunity to cross-examine the person." (DE 11-7 at 7.)

The only statement Detective Azcona made regarding what Lazarus Holden told him was elicited on cross-examination. After defense counsel asked Detective Azcona why he initially presented Richardson's name to Mobley as a possible suspect, Azcona responded:

> Okay. They were in reference to a statement provided by Lazarus Holden and a person that had phoned in on September 10th, providing Corporal Jeff Hornyak with the name, with the full name of Christopher Richardson.

(Trial testimony at 241.) The prosecutor did not inquire about what Mobley had told the detective but focused on the questions Detective Azcona had posed to Mobley.

The Indiana Court of Appeals found that Detective Azcona's statement that Holden identified Richardson as the shooter was an error invited by Richardson on cross-examination. (DE 11-7 at 7.) Because Richardson's counsel, not the State, elicited the testimony regarding what Holden stated, the court of appeals determined there was no Confrontation Clause violation. There is no Supreme Court case that has clearly established any law to the contrary. In fact, a number of federal appellate courts have determined that a defendant does waive his right to confront witnesses by opening the door to the admission of evidence that would otherwise be barred by the Confrontation Clause. *United States v. Holmes*, 620 F.3d 836, 844 (8th Cir. 2010); *United States v. Lopez-Medina*, 596 F.3d 716, 730 (10th Cir. 2010); *United States v. Acosta*, 475 F.3d 677 (5th Cir. 2007). In those cases, the government was permitted to elicit otherwise barred testimony after the defendant opened the door. Here, the situation is even more compelling. It was defense counsel who elicited the complained of testimony.  As such, the Indiana Court of Appeals' decision here was both a correct and reasonable application of federal law.

In addition, "[t]he Confrontation Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Tennessee v. Street*, 471 U.S. 409, 414 (1985). Here, Detective Azcona's testimony regarding Holden's statement identifying Richardson as the shooter was not offered for the truth of the matter asserted; it was offered to explain the detective's course of investigation. "[W]hen out-of-court statements are not offered to prove the truth of the matter asserted, the Confrontation Clause is satisfied if the defendant had the opportunity to cross-examine the person repeating the out-of-court statement. *United States v. James*, 487 F.3d 518, 525 (7th Cir. 2007). Here, Richardson had the opportunity to cross-examine Detective Azcona, through whom Richardson actually introduced the contents

of Holden's statement. Thus, there can be no Confrontation Clause violation for this reason, as well.

Richardson also complains that the State elicited testimony from Detective Azcona that Lazarus Holden had given a statement to him that a man named "Chris" shot Mobley. However, the state never elicited any such testimony from Detective Azcona.

> STATE: You took a statement from an individual named Lazarus Holden?
>
> DET. AZCONA: Yes, I did.
>
> STATE: After speaking with him, did you pursue other leads or speak to other individuals?
>
> DET. AZCONA: Yes. Later in the course of investigation.

(Tr. Transcript at 195.)

Detective Azcona described the next steps in the investigation and the State then returned to the subject of Richardson's involvement:

> STATE: When you went to the hospital [to speak with Mobley], had you received at that point, through your investigation, the name of Chris Richardson, had it come up?
>
> DET. AZCONA: Yes, I [sic] did.

(Tr. Transcript at 197.)

The Indiana Court of Appeals found that there was no Confrontation Clause violation because the State did not elicit any testimonial evidence from Detective Azcona regarding what Lazarus Holden had stated. (DE 11-7.) The court was correct in finding that Detective Azcona did not testify as to any out of court statements made by Lazarus Holden. At most, Detective Azcona put forth testimony that Richardson's name came up through the course of investigation. Thus, the Indiana Court of Appeals finding was both reasonable and correct because Detective

Azcona did not provide any testimonial hearsay on direct examination to which *Crawford*

applies. *Crawford*, 531 U.S. at 59.

Alternatively, even assuming that Richardson's rights were violated by Detective

Azcona's statements, the error was harmless, as the Indiana Court of Appeals correctly noted.

(DE 11-7 at 7, 8.) Richardson is only entitled to habeas relief if the error "had a substantial and

injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S.

619, 638 (1993). The question, then, is whether "the jury heard substantial evidence to support

the government's theory of prosecution." *United States v. Cueto*, 151 F.3d 620, 638 (7th Cir.

1998). As explained above, the jury heard evidence adequate to support Richardson's conviction.


C.      Discovery motions

Richardson has filed two discovery-related motions regarding his procedurally defaulted

sufficiency of the evidence claims. First, he seeks to subpoena the compact disc containing the

statement of Quanilla Strong taken by Detective Azcona on June 21, 2011. (DE 18.) And,

second, he seeks to have an evidentiary hearing surrounding the photo line-up shown to Mobley,

which Richardson complains was suggestive. (DE 17.) Rules 6 and 7 of the Rules Governing

Section 2254 Cases permit discovery and the expansion of the record in habeas corpus cases.

However, 28 U.S.C. § 2254(e)(2) only permits such discovery when:

> (A) the claim relies on--
>     (I) a new rule of constitutional law, made retroactive to cases on
> collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered
> through the exercise of due diligence; and
>     (B) the facts underlying the claim would be sufficient to establish by clear
> and convincing evidence that but for constitutional error, no reasonable factfinder
> would have found the applicant guilty of the underlying offense.

*Id. See also Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001) ("Because § 2254(e)(2) restricts a petitioner's attempts to supplement the factual record, [the petitioner ] must satisfy that provision's requirements before he may place new factual information before the federal court."). Here, Richardson does not seek to conduct discovery or expand the record based on any new rule of constitutional law. Nor does he claim that the facts sought could not have been previously discovered through the exercise of due diligence. Because of these deficiencies, Richardson is not permitted to engage in such discovery here. Nevertheless, there is an even bigger problem. Richardson's sufficiency of the evidence claims are procedurally barred.  None of the material requested by Richardson is relevant because the court can not get to the merits of his procedurally barred claims. For these reasons, the motions will be denied.


D.      Certification of Appealability

As a final matter, pursuant to RULE 11 of the RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, two of Richardson's claims are procedurally defaulted, and he has not provided any meritorious basis for excusing his two levels of default. As to his third claim, Richardson has not made a substantial showing of the denial of a

constitutional right, nor could jurists of reason debate the outcome of the petition or find a reason to encourage him to proceed further. Accordingly, the court declines to issue Richardson a certificate of appealability.

III.     CONCLUSION

For the reasons set forth above, the court:

(1) **DENIES** the petition (DE 1);

(2) **DENIES** the request (DE 18) to issue a subpoena;

(3) **DENIES** the motion (DE 17) for an evidentiary hearing; and

(4) **DENIES** the petitioner a certificate of appealability.

SO ORDERED.

ENTERED: March 2, 2016

        /s/ JON E. DEGUILIO
Judge
United States District Court
