UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHRISTOPHER RICHARDSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:14-CV-399 JD |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

## **OPINION AND ORDER**

Petitioner Christopher Richardson, by counsel, filed an emergency motion for issuance of a writ of habeas corpus, seeking his immediate release from custody. [DE 39]. By way of background, Richardson previously filed a habeas corpus petition challenging his 2011 Lake County conviction for aggravated battery. This Court denied his petition, and Richardson appealed. On August 8, 2017, the Seventh Circuit issued an opinion reversing this Court's decision, holding that Richardson's Confrontation Clause rights were violated at trial. [DE 35-1]. The Seventh Circuit concluded its opinion by ordering "that unless the state initiates proceedings to retry Richardson *within 120 days*, he is entitled to issuance of the writ." *Id.* at 18 (emphasis added). A judgment containing that same language was entered the same day. [DE 35-2]. After the court denied a petition for rehearing, the mandate issued on September 15, 2017, and was entered in this Court that same day. [DE 35].

The Seventh Circuit ordered that the state had to act within 120 days to avoid the issuance of the writ, but it did not specify within 120 days *of what*. Richardson argues that the time began running when the Seventh Circuit issued is opinion and judgment, so he filed this motion seeking his immediate release when the state failed to initiate proceedings to retry him within 120 days of that date. In response, the state argues that the 120 days began running upon

the issuance of the mandate, so the time for it to act has not yet expired. Despite the parties' arguments that the language unambiguously supports their competing positions, the Court finds the language to be ambiguous. Consistent with the only case of which the Court is aware that has addressed this issue directly, the Court resolves that ambiguity by interpreting the 120 days as beginning to run upon the issuance of the mandate, meaning Richardson is not yet entitled to the writ.

Richardson begins by noting that, when reversing the denial of habeas relief, the Seventh Circuit sometimes specifies that the time period for the state to act will run from the "issuance of the mandate." *E.g.*, *Shaw v. Wilson*, 721 F.3d 908, 919–20 (7th Cir. 2013). He then argues that because the court omitted that language here, it must have intended a different result, meaning the time should run from the entry of judgment. However, the Seventh Circuit also sometimes specifies that the time period runs from the date of its opinion. *E.g.*, *Wieland v. Buss*, 185 F. App'x 527, 530 (7th Cir. 2006) (ordering the district court to issue the writ unless the state retries the defendant "within 120 days from the date of the issuance of this opinion"); *Ben-Yisrayl v. Davis*, 431 F.3d 1043, 1053 (7th Cir. 2005) ("We remand with instructions to grant the writ unless the State of Indiana elects to retry him within 120 days from the issuance of this opinion."); *Owen v. Duckworth*, 727 F.2d 643, 648 (7th Cir. 1984) (ordering the district court to issue the writ "unless the petitioner is brought to trial in the Indiana state courts within ninety days of the date of this opinion"). And in many cases, as here, the orders do not specify any particular date from which the time period begins to run.[1] *E.g.*, *Kubsch v. Neal*, 838 F.3d 845,

---

[1] Other orders take other approaches, as well. For example, the Seventh Circuit sometimes remands with instructions for the district court to set a reasonable deadline for the state to act. *Long v. Butler*, 809 F.3d 299, 317 (7th Cir. 2015); *McManus v. Neal*, 779 F.3d 634, 660 (7th Cir. 2015) (remanding "with instructions to grant the writ unless Indiana gives notice of its intent to retry [the petitioner] within a reasonable time to be fixed by the district court"). Had the Seventh

2

862 (7th Cir. 2016) (en banc) (remanding for issuance of the writ "unless the state within 120 days takes steps to give [the petitioner] a new trial"). The decisions do not offer any explanation for the particular instructions they offer, either. Thus, the Court cannot draw a conclusion in either direction from the Seventh Circuit's silence in this regard.

Richardson also cites two cases in which the Seventh Circuit used language similar to the language it used here, and the district courts subsequently issued orders using the date of the judgment as the starting point. In *Goodman v. Bertrand*, the Seventh Circuit reversed the district court's denial of habeas relief and ordered that he was entitled to be released unless the state retried him "within 120 days." 467 F.3d 1022, 1031 (7th Cir. 2006). Once the mandate issued, the district court entered an order setting a date certain for the state to act, and the date it used was 120 days from the Seventh Circuit's opinion and judgment, not the mandate. *Goodman v. Bertrand*, No. 2:00-cv-650, DE 55 (E.D. Wis. Dec. 7, 2006). A similar sequence occurred in *Goudy v. Basinger*, 604 F.3d 394 (7th Cir. 2010).

First, however, neither of those district courts were called upon to resolve a dispute as to when the period began. Rather, they each entered orders shortly after the issuance of the mandate that set future dates by which the state had to act. Perhaps the courts concluded that Richardson's position is correct, or perhaps they just chose the earlier of the potential dates in order to avoid any future dispute. But in either event, the district court's orders do not contain any analysis on this subject, so those orders offer little weight. And second, other district courts in the same circumstances have used later dates as the operative dates. In *Gentry v. Sevier*, for example, the

---

Circuit done so here, and it was this Court's own deadline that it was being asked to construe, the Court would exercise its equitable discretion to extend the deadline to the latter date in light of the apparent confusion. *See Barnett v. Neal*, 860 F.3d 570 (7th Cir. 2017). Since the deadline at issue here was set by the court of appeals, though, the Court is bound to construe and implement that deadline rather than modify it. *See In re Ezell*, 678 F. App'x 430, 431 (7th Cir. 2017).

Seventh Circuit reversed and remanded with instructions to release the defendant if the state elected not to retry him "within 120 days." 597 F.3d 838, 852 (7th Cir. 2010). Upon remand, the district court entered an order requiring the state to act "[w]ithin 120 days of this order." *Gentry v. Superintendent*, No. 3:06-CV-350-PPS, DE 40 (N.D. Ind. Mar. 29, 2010). *See also Smith v. Grams*, 565 F.3d 1037 (7th Cir. 2009) (prompting a similar sequence). In addition, in *Kubsch*, the Seventh Circuit reversed and remanded with instructions to issue the writ "unless the state within 120 days takes steps to give Kubsch a new trial." 838 F.3d at 862. The court then stayed the mandate on several occasions but never modified the judgment. Once the mandate issued, the district court entered an order requiring the state to act by a date certain that was 120 days from the date of the mandate. *Kubsch v. Superintendent*, No. 3:11-CV-42-PPS, DE 55 (N.D. Ind. May 30, 2017). Thus, these district court orders do not establish a consensus in either direction.

Both parties also seek support from the Federal Rules of Appellate Procedure, but nothing in those rules resolves this ambiguity. Rule 26 governs the computation of time, but it defines the time periods by reference to "the event that triggers the period," Fed. R. App. P. 26(a)(1)(A), which is the issue in dispute here, so that rule sheds no light. Richardson notes that the rules use the date of the entry of judgment as the reference point for various deadlines, such as for petitions for rehearing, R. 40(a)(1), or a bill of costs, R. 39(d)(1). *See also* Sup. Ct. R. 13.1 (requiring petitions for writs of certiorari to be filed within 90 days after "entry of the judgment"). None of those events are relevant to the issue here, though.

In addition, as the state notes, the date of the issuance of the mandate is consequential as well, as that is the date the court of appeals' order becomes final and is sent to the district court, and the date the district court regains jurisdiction over the case. *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) ("Just as the notice of appeal transfers jurisdiction to the court of

4

appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity."). Until then, the court of appeals retains authority to modify its ruling and the district court lacks jurisdiction to begin implementing it. *Id.* And under Rule 41, the mandate "is effective when issued," and consists of "a certified copy of the judgment [and] a copy of the court's opinion," R. 41(a), (c), which could suggest that (at least absent an indication to the contrary) the 120-day period reflected in the judgment becomes effective and starts running on the date the mandate issues. *See also* Fed. R. App. P. 41 advisory committee's note to 1998 amendments (stating that the date the mandate issues is "the time the parties' obligations become fixed").

Without clear guidance in either direction, the Court is left to decide which way to interpret this ambiguous language. Neither party has cited a case that actually confronts that question. However, the Ninth Circuit addressed this very question in *Miles v. Stainer*, 141 F.3d 1351 (9th Cir. 1998). There, a previous panel had reversed the denial of habeas relief with instructions to grant the writ unless the state acted "within 60 days," but it did not specify when that period began running. *Id.* at 1352. On remand, the state acted within 60 days of the mandate but not of the judgment, and the district court held that the state's action was timely. *Id.* The petitioner appealed again, and the Ninth Circuit affirmed. It recognized that there is no particular date that a court of appeals must use as the reference point, and that both the date of the judgment and the date of the mandate "are plausible 'trigger' dates." *Id.* To resolve the ambiguity in the previous panel's order, the court established a default rule that, "in the absence of an explicit instruction to the contrary, the clock starts running when the mandate issues." *Id.* The court explained as follows:

> This "default rule" recognizes that the issuance of the mandate is "an event of considerable institutional significance." *United States v. Rivera,* 844 F.2d 916, 921

(2d Cir. 1988). Until then, this court retains jurisdiction, *see Sgaraglino v. State Farm Fire & Cas. Co.*, 896 F.2d 420, 421 (9th Cir. 1990), and is capable of modifying or even revoking a judgment, *see United States v. Foumai*, 910 F.2d 617, 620 (9th Cir. 1990), thereby rendering moot any intervening action by the state court.

Were we to hold otherwise, a state court might feel compelled to commence proceedings as soon as we filed an initial opinion. These efforts would be wasted if we subsequently amended the opinion in a material way. Thus, our default rule makes practical sense of ambiguous instructions to state courts. Additionally, by interpreting an ambiguous instruction in the light most favorable to the party whose rights stand to be cut off, our default rule achieves a particularly equitable result.

The default rule can, of course, be overridden by the insertion of express contrary language in an opinion. Nevertheless, when such language is missing, we presume that the panel intended to start the clock only upon issuance of the mandate.

*Id.*

That reasoning is persuasive, and makes sense from both a practical and equitable perspective. In addition, neither party has cited any authority suggesting that the Seventh Circuit has adopted a contrary rule of construction for its orders. Thus, applying that reasoning here, the Court interprets the 120-day period as beginning on September 15, 2017, upon the issuance of the mandate. That period has not yet expired, so Richardson is not entitled to an immediate release from custody.

The Court therefore DENIES Richardson's emergency motion for a writ of habeas corpus. [DE 39]. The Court will order Richardson's release if the state has not initiated proceedings to retry him by January 16, 2018.[2]

---

[2] Even if Richardson was entitled to the issuance of the writ, that ordinarily would not bar the state from arresting and retrying him on the same indictment. *Mason v. Mitchell*, 729 F.3d 545, 551 (6th Cir. 2013) ("In general, when a prisoner is released because a state fails to retry the prisoner by the deadline set in a conditional writ, the state is not precluded from rearresting petitioner and retrying him under the same indictment." (internal quotation omitted)).

SO ORDERED.

ENTERED: December 20, 2017

                                              /s/ JON E. DEGUILIO
Judge
United States District Court