UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHRISTOPHER RICHARDSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:14-CV-399 JD |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

## **ORDER**

The Seventh Circuit reversed the denial of petitioner Christopher Richardson's petition for habeas corpus, holding that Richardson's Confrontation Clause rights were violated at trial. Thus, Richardson could not remain in custody pursuant to his conviction at that trial, but the State could cure the error by granting him a new trial. Accordingly, the Seventh Circuit ordered that "unless the state initiates proceedings to retry Richardson within 120 days, he is entitled to issuance of the writ." [DE 35-2].

The State has now filed a notice indicating that it has initiated proceedings to retry Richardson. In particular, it represents that the prosecutor filed a motion to initiate proceedings in the Lake County Superior Court, asking the court to take notice of the Seventh Circuit's opinion, to transfer Richardson to the Lake County jail, to set an initial hearing, and to appoint counsel for Richardson. [DE 46]. The public docket for that case further reflects that the state court granted the motion, that Richardson has since appeared in person before that court, which made a finding of indigency and requested the assignment of a public defender, and that counsel has entered an appearance on Richardson's behalf. In a response to the State's notice, Richardson agrees that the State has complied with the condition in the Seventh Circuit's order to avoid

issuance of the writ. [DE 48]. Thus, because the State has satisfied its obligations under the conditional writ, Richardson is not entitled to a release from custody at this time.

Therefore, pursuant to the mandate of the Seventh Circuit, the judgment previously entered in this case [DE 21] is VACATED, and Richardson's petition is GRANTED to the extent that he is entitled to a new trial, for which the State has now initiated proceedings. However, Richardson is not entitled to the issuance of a writ releasing him from custody at this time. The Clerk is DIRECTED to enter a new judgment accordingly.

SO ORDERED.

ENTERED:  January 29, 2018

/s/ JON E. DEGUILIO
Judge
United States District Court